UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEJANDRO HERNANDEZ HERNANDEZ,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2508

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with an individualized bond hearing. (Pet., ECF No. 1, PageID.7.)[1]

In an order entered on September 9, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No.

[1] Petitioner also filed a motion seeking release during the pendency of this action. (ECF No. 8.) Because this Opinion resolves Petitioner's action, Petitioner's pending motion is moot.

3.) Respondent filed a response on September 14, 2026, (ECF No. 5), and Petitioner filed his reply on September 21, 2026, (ECF No. 7). At the direction of the Court, Respondent filed supplemental responses concerning Petitioner's custodial status on September 24, 2026, (ECF No. 10), and September 29, 2026, (ECF No 12).

## II. Relevant Factual Background

Petitioner is a citizen of Cuba who entered the United States in 2006. (Notice to Appear (NTA), ECF No. 5-1, PageID.23.) On June 10, 2026, ICE agents encountered and arrested Petitioner at the Ingham County Jail. (2026 Form I-213, ECF No. 5-2, PageID.29.)

On August 6, 2026, the Detroit Immigration Court ordered Petitioner's removal from the United States. (Removal Order, ECF No. 5-3, PageID.33.) Petitioner had thirty days from the entry of the removal order to appeal to the Board of Immigration Appeals (BIA), *id.*; however, no appeal was received for the case. *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "097177574" for the A-Number, select "Cuba" for the Nationality, and select Submit) (last visited Oct. 6, 2026).

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Analysis

As noted above, on August 6, 2026, the Immigration Court ordered that Petitioner be removed from the United States. Petitioner had thirty days from the entry of the removal order to appeal to the BIA; however, no appeal was received for the case.

Following the expiration of Petitioner's appeal period, Petitioner's order of removal became administratively final, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, the Court will deny without prejudice Petitioner's § 2241 petition, in which Petitioner asks for a bond hearing under § 1226.[2]

---

[2] If Petitioner's circumstances change, Petitioner is free to file a *new* § 2241 petition challenging his detention.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 6, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge